# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 12cr140-MMA |
| Plaintiff, | [Related Civil Case No. 12cv2019] |
| vs. | **ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO SET ASIDE, VACATE OR AMEND SENTENCE** |
| JOSE G. BARAJAS-VALDOVINOS, | |
| Defendant. | [Doc. No. 25] |

On February 23, 2012, pursuant to a written plea agreement, Defendant Jose G. Barajas-Valdovinos pleaded guilty to a single count Information for attempted illegal reentry after a prior deportation, in violation of Title 8 of the United States Code, section 1326(a) and (b). *See Plea Agreement*, Doc. No. 13. The Court sentenced Defendant on June 18, 2012 to 21 months imprisonment, 3 years of supervised release, no fine, and a $100 penalty assessment. *See Judgment*, Doc. No. 24. Defendant now seeks collateral relief pursuant to Title 28, section 2255. Defendant alleges that his counsel was ineffective; his prior deportation was invalid; his criminal history score was incorrectly calculated; and, he is actually innocent of the reentry charge because he was under "official restraint" at all times prior to his apprehension at the port of entry. *See Motion*, Doc. No. 25. For the reasons set forth below, the Court summarily **DISMISSES** the motion.

## LEGAL STANDARD

Title 28 of the United States Code, section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .". Rule 4(a), RULES-SECTION 2255 PROCEEDINGS (West 2009).[1] Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A defendant may waive his right to file a section 2255 motion to challenge his sentence, but such a waiver must so state expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). In this case, Defendant's plea agreement provided in part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

*See* Doc. No. 13, 10. The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). However, as noted in the plea agreement itself, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself.

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a defendant must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed below, Defendant has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

*United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005).

**DISCUSSION**

*1.      Ineffective Assistance of Counsel Claim*

Defendant contends that his counsel was ineffective because he failed to challenge the validity of Defendant's prior deportation; he failed to share discovery materials with Defendant; and he failed to object to the pre-sentence report or move for a downward departure at sentencing based on Defendant's health. Defendant's contentions lack merit.

With respect to his ineffective assistance of counsel claim, Defendant must show deficient performance by counsel and prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Swanson*, 943 F.2d 1070, 1073 (9th Cir. 1991). In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990).

Defendant argues that his counsel should have moved for a downward departure pursuant to U.S.S.G. § 5H1.4 and/or an adjustment pursuant to 18 U.S.C. § 3553(a) based on the status of Defendant's health, as reported in the Pre-Sentence Report. The sentencing guidelines state:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

U.S.S.G. § 5H1.4. Defendant advised the probation officer that he suffers from diabetes and occasional back pain, neither of which constitute an extraordinary physical impairment at the time of sentencing. *See United States v. Martinez-Guerrero*, 987 F.2d 618, 620 (9th Cir. 1992) (refusing downward departure where the prison can accommodate the impairment). Defendant offers no evidence that at the time of sentencing his illnesses made him "seriously infirm" such that departure based on physical condition would be likely. U.S.S.G. § 5H1.4. Accordingly, Defendant does not show that he was prejudiced by counsel's failure to move for a departure on this basis. *See Strickland*, 466 U.S. at 694; *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.

1989) (stating that failure to raise a meritless legal argument does not constitute ineffective assistance of counsel).

Defendant vaguely alleges that his counsel failed to provide him with a copy of any *Brady* materials, however "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Furthermore, Defendant merely speculates as to what those materials may have included, and "self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). Nor does he state in even a conclusory fashion whether his failure to review any such materials prejudiced his defense.

Defendant also argues in a cursory fashion that his counsel was ineffective for not mounting a collateral attack on the validity of his prior deportation. Defendant provides no support for this contention. *See e.g., James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief."). *See also Stein v. United States*, 390 F.2d 625, 627 (9th Cir. 1968) ("[i]t is well-established that mere conclusory allegations are not sufficient to warrant relief under a § 2255 motion"). Moreover, counsel's failure to move to dismiss the charges against Defendant based upon the purported invalidity of his prior deportation does not fall below the objective standard of reasonableness. Counsel made a reasonable strategic decision not to launch a collateral attack on a presumably valid deportation in lieu of securing a plea agreement which afforded Defendant a substantial sentence reduction. Indeed, because he pleaded guilty, Defendant received a sentence of 21 months – only 3 months greater than the 18 month sentence requested by Defendant in his sentencing memorandum – when his potential exposure under the guidelines was more than three times that amount. *See Def. Sent. Memo.*, Doc. No. 22; *see also PSR*, Doc. No. 19.

In sum, the Court finds that Defendant knowingly and voluntarily waived his constitutional rights in his plea agreement and has failed to satisfy the *Hill* and *Strickland* factors for ineffective assistance of counsel.

///

*2. Other Claims*

Defendant's claims that do not directly implicate his counsel's performance, such as the allegedly incorrect calculation of his criminal history score, are procedurally barred. A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 168 (1982). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citations omitted). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (internal citations omitted). Here, Defendant argues that, because he was under constant official surveillance while attempting to enter the United States, the doctrine of official restraint rendered completion of the offense legally impossible and as such, he is actually innocent of the crime. However, this position was clearly rejected in *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063-64 (9th Cir. 2002).

Finally, to the extent Defendant attempts to attack the immigration proceedings that resulted in his prior removal, this Court lacks jurisdiction to consider Defendant's claim. The REAL ID Act of 2005 created "streamlined judicial review" of final orders of deportation, removal, and exclusion, by eliminating habeas corpus relief in the district courts and conferring exclusive jurisdiction over these matters to the circuit courts. *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005); 8 U.S.C. § 1252.

*3. Request for Appointment of Counsel*

Defendant requests the appointment of counsel to represent him in these collateral proceedings. However, the Sixth Amendment right to counsel does not apply in habeas corpus actions. There currently exists no absolute right to appoint of counsel in Section 2255 proceedings. Rather, "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18, section 3006A(a)(2)(B), allows the appointment of counsel for a Section 2255 motion where the person is financially eligible and the interests of justice require the appointment of counsel. Here, Defendant appears to be financially eligible according to his Declaration

regarding *in forma pauperis* status, but the interests of justice would not be served by appointment of counsel. *See* Doc. No. 27. Defendant's motion has been evaluated and found to be completely without merit.

## CONCLUSION

Based on the foregoing reasons, the Court summarily **DISMISSES** Defendant's motion for reduction of time in custody.

**IT IS SO ORDERED**.

DATED: August 30, 2012

Hon. Michael M. Anello
United States District Judge